UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 14-cr-40064-JPG |
| GEORGE A. MAYO, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant George A. Mayo's motion for free copies of certain documents in his case (Doc. 86). He seeks the transcripts of his March 18, 2015, change of plea hearing and his July 1, 2015, sentencing hearing, neither of which has been prepared, as well as his stipulation of facts (Doc. 60). He claims to need these documents to prosecute his petition under 28 U.S.C. § 2241 in *Mayo v. True*, No. 19-cv-1397-NJR, in which he challenges the calculation of his sentence by the Bureau of Prisons.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to the documents (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not

impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

The transcripts Mayo seeks have not been prepared, so there is no other means for him to access those documents. He has also provided acceptable evidence of his indigency and, indeed, has been allowed to proceed *in forma pauperis* in his § 2241 proceeding. Finally, the Court has reviewed his § 2241 petition and finds that the transcripts are reasonably necessary to support that petition and that there is no indication at the moment that the petition is frivolous. Accordingly, the Court **GRANTS** the motion (Doc. 86) and **DIRECTS** the court reporter to prepare and send Mayo the transcripts of his March 18, 2015, change of plea hearing (minutes at Doc. 57) and his July 1, 2015, sentencing hearing (minutes at Doc. 65). Pursuant to 28 U.S.C. § 753(f), the cost of the transcripts requested by the plaintiff shall be paid by the United States.

As for Mayo's request for the stipulation of facts, the document is already in the Court file and arguably necessary to Mayo's § 2241 petition. The Court therefore **DIRECTS** the Clerk of Court to send Mayo a copy of his stipulation of facts (Doc. 60) free of charge.

**IT IS SO ORDERED.**
**DATED: February 11, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**